# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| | | |
|---|---|---|
| CLARENCE CLAY LOGUE, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. CV415-096 |
| | ) | |
| SHERIFF AL ST. LAWRENCE, | ) | |
| | ) | |
| Respondent.[1] | ) | |

## REPORT AND RECOMMENDATION

Clarence Logue has filed a 28 U.S.C. § 2254 petition attacking a December 13, 2010 conviction and five-year sentence for felony shoplifting. Doc. 1 at 2. Upon preliminary review under Rule 4 of the Rules Governing Section 2254 Cases, his petition must be dismissed because he has fully served his sentence and thus is not "in custody" under 28 U.S.C. § 2254.

Logue served the entirety of his five-year sentence and was

---

[1] Logue also names Todd Martin and Laura Marcantonio as defendants, and he seeks damages from them. The Clerk correctly docketed only Sheriff Al St. Lawrence as the respondent, as the sheriff is presently Logue's legal custodian. *Rumsfeld v. Padilla*, 542 U.S. 426, 439–40 (2004) (immediate custodian is proper respondent). Furthermore, the remedy of damages is not available under 28 U.S.C. § 2254.

released. *See* Georgia Department of Corrections Offender Query, http://www.dcor.state.ga.us/GDC/OffenderQuery. He is currently detained on separate charges. *See* Chatham County Docket, http://www.chathamcourts.org/Case-Details/caseno/CR142807. Because his prior sentence has expired, the Court lacks jurisdiction to entertain his petition.

> Federal habeas courts have jurisdiction to entertain a § 2254 petition only if the petitioner is "in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The "in custody" requirement means "that the habeas petitioner [must] be 'in custody' under the conviction or sentence under attack at the time his petition is filed." *Maleng v. Cook*, 490 U.S. 488, 490–91, 109 S. Ct. 1923, 1925 (1989). Generally, if the petitioner's state sentence has fully expired, he does not meet the "in custody" requirement. *Id.* at 492, 109 S. Ct. at 1926.

*Green v. Price*, 439 F. App'x 777, 781-82 (11th Cir. 2011). Logue has been released from prison and his sentence fully expired on November 20, 2013. He was not sentenced to any consecutive term of probation.[2] Hence, he is not "in custody" under the conviction he attacks.

---

[2] The "in custody" requirement may be met where the petitioner is on probation or parole. *Duvallon v. Florida*, 691 F.2d 483, 484-85 (11th Cir. 1982).

Consequently, this case should be **DISMISSED**, as the Court lacks jurisdiction to consider the petition. Applying the Certificate of Appealability ("COA") standards, the Court discerns no COA-worthy issues at this stage of the litigation, so no COA should issue. 28 U.S.C. § 2253(c)(1); see *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (approving *sua sponte* denial of COA before movant filed a notice of appeal). And, as there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith. *In forma pauperis* status on appeal should likewise be **DENIED**. 28 U.S.C. § 1915(a)(3).

**SO REPORTED AND RECOMMENDED** this 6th day of July, 2015.

UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA